Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
abennecoff@creditlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN L. CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC f/k/a ALLIED INTERSTATE, INC.,<br><br>Defendant. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br>1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET. SEQ.;<br>2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET. SEQ.<br>3. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET. SEQ.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

KATHLEEN L. CHANDLER, ("Plaintiff"), by her attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against ALLIED INTERSTATE, LLC

f/k/a ALLIED INTERSTATE, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA,") and the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bishop, California.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7. Defendant is a corporation specializing in debt collection with its

principal place of business located at 335 Madison Ave, 27th Floor, New York, New York 10017.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Upon information and belief, the alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

11. Furthermore, Plaintiff does not have a business relationship with Defendant and has not had prior dealings with Defendant.

12. Between February and March 2012, Defendant placed continuous and repetitive harassing telephone calls to Plaintiff's home telephone in its attempts to collect on the subject debt.

13. Plaintiff regularly received collection calls from: (866) 825-4574, which the undersigned has confirmed is a telephone number belonging to Defendant.

14. During this time, Defendant called Plaintiff one to two times a day on a near daily basis.

15. Defendant has on occasion contacted Plaintiff prior to 8:00a.m. P.S.T.

16. Defendant has also threatened to "ruin" Plaintiff's credit by reporting this debt to the credit bureaus if she would not agree to immediate payment.

17. Upon information and belief, Defendant's call log will reflect that calls were placed to Plaintiff's telephone from an automatic telephone dialing system or pre-recorded or artificial voice.

18. Plaintiff did not expressly consent to Defendant's placement of telephone calls to her telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

20. Defendant called Plaintiff's cellular phone several times using a pre-recorded or automated message.

21. Defendant did not inform Plaintiff within five days of its initial contact that she could dispute the debt, how she could obtain verification of the debt, or that unless she disputed the debt within thirty days, the debt would be assumed to be valid, in violation of the FDCPA.

22. Defendant's actions as described herein were made with the intention of annoying, abusing, harassing, and coercing payment from Plaintiff.

# COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

23. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from calling consumers at any unusual time, and in the absence of evidence to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 A.M. and before 9:00 P.M., local time at the consumer's location.

24. Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff at or before 8:00 A.M., at the Plaintiff's location.

# COUNT II
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

26. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, and when it engaged in other harassing or abusive conduct.

# COUNT III

## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT IV
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

30. Defendant violated § 1692e of the FDCPA when it threatened to "ruin" Plaintiff's credit when it did not have the intent to take such action, and when it made other false, deceptive or misleading representations.

## COUNT V
## DEFENDANT VIOLATED § 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect a debt.

32. Defendant violated § 1692e(10) of the FDCPA when it threatened to "ruin" Plaintiff's credit when it did not have the intent to take such action, and when it made other false, deceptive or misleading representations.

## COUNT VI
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

34. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it threatened to "ruin" Plaintiff's credit reputation, and when it engaged in other unfair conduct.

## COUNT VII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is

disputed, the debt collector will obtain verification of the debt.

36. Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff within five days of its initial contact with her written notice regarding how she could dispute the debt, how she could obtain verification of the debt, and that unless she disputed the debt within thirty days, the debt would be assumed to be valid.

## COUNT VIII
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

37. Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation."

38. Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person or entity to bring in an appropriate court of that state "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."

39. Upon information and belief, despite the fact that Plaintiff never consented to Defendant making calls to her telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's telephone without Plaintiff's consent.

40. The Act also authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations.

41. Here, upon information and belief, Defendant repeatedly and regularly placed non-emergency, automated calls to Plaintiff's telephone, using a pre-recorded or artificial voice.

42. Upon information and belief, Defendant contacted Plaintiff on her telephone several times.

43. Defendant did not have Plaintiff's express consent prior to contacting her on her telephone using an automatic telephone dialing system or pre-recorded or artificial voice.

44. Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a cellular telephone service.

## COUNT IX
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff reincorporates by reference all of the preceding paragraphs.

46. In its actions to collect a disputed debt, Defendant violated the RFDCPA in one or more of the following ways:

   a. Defendant violated Cal. Civ. Code §1788.17, which mandates that

every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of the FDCPA inclusive.

WHEREFORE, Plaintiff, KATHLEEN L. CHANDLER, respectfully prays for a judgment as follows:

    a. Actual Damages;

    b. Statutory damages;

    c. Reasonable attorney's fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KATHLEEN L. CHANDLER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 02/01/13        KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: abennecoff@creditlaw.com
Attorney for Plaintiff